# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
JAN 1 3 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>DEWAYNE MORRIS, SENIOR (1) | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:   3:22-CR-01037-WQH<br><br>Linh Teresa Nguyen<br>Defendant's Attorney |

**USM Number**    02262-510

☐ -

THE DEFENDANT:

☐  pleaded guilty to count(s)    -

☒  was found guilty on count(s)    1-4 of the Superseding Indictment
    after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371; 18:981(a)(1)(C), 982(a)(2) and 982(b), and 28:2461(c) - Conspiracy; Criminal Forfeiture | 1s |
| 18:1344(2); 18:2; 18:981(a)(1)(C), 982(a)(2) and 982(b), and 28:2461(c) Bank Fraud; Aiding and Abetting; Criminal Forfeiture | 2s-4s |

   The defendant is sentenced as provided in pages 2 through    6    of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count(s)   Underlying Indictment   is    dismissed on the motion of the United States.

☒  Assessment :  $100.00 per count for a total of $400.00
    —

☐  JVTA Assessment*: $
    -

   *Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine       ☐  Forfeiture pursuant to order filed                          , included herein.

   IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

January 8, 2025
Date of Imposition of Sentence

HON. WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

DEFENDANT: DEWAYNE MORRIS, SENIOR (1)
CASE NUMBER: 3:22-CR-01037-WQH

Judgment - Page **2** of **6**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Sixty (60) months as to count 1; eighty-four (84) months as to each count 2-4 to run concurrently, and to run concurrently to count 1

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
   1. BOP is ordered to address the defendant's medical issues as listed in paragraph 92 of his PSR.
   2. Incarceration at FCI Terminal Island

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
   ☐ at _____ A.M. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ on or before
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:22-CR-01037-WQH

| DEFENDANT: | DEWAYNE MORRIS, SENIOR (1) | Judgment - Page **3** of **6** |
|---|---|---|
| CASE NUMBER: | 3:22-CR-01037-WQH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
Three (3) years as to each count 1-4 to run concurrently

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| | | |
|---|---|---|
| DEFENDANT: | DEWAYNE MORRIS, SENIOR (1) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:22-CR-01037-WQH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| DEFENDANT: | DEWAYNE MORRIS, SENIOR (1) | Judgment - Page **5** of **6** |
|---|---|---|
| CASE NUMBER: | 3:22-CR-01037-WQH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

//

| | |
|---|---|
| DEFENDANT: DEWAYNE MORRIS, SENIOR (1) | Judgment - Page 6 of 6 |
| CASE NUMBER: 3:22-CR-1037-WQH | |

## RESTITUTION

The defendant shall pay restitution in the amount of   $3,554,276.99   .

### **SEE ATTACHED ORDER RE RESTITUTION**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DEWAYNE MORRIS, SENIOR (1),<br><br>Defendant. | Case No. 22-CR-1037-WQH<br><br>**ORDER OF RESTITUTION** |

IT IS HEREBY ORDERED:

1. Pursuant to 18 U.S.C. § 3663A(a)(1), Defendant Dewayne Morris, Senior, (hereinafter "Defendant" or "Senior") shall pay restitution in the amount of **$3,554,276.99** as a result of Defendant's convictions for conspiracy, in violation of 18 U.S.C. § 371 and bank fraud, in violation of 18 U.S.C. §§ 1344(2) and 2. Restitution shall be paid to the victims in listed in Attachment A in the specified amounts, pro rata.

2. Defendant's restitution shall be joint and several with all co-defendants and co-conspirators ordered to pay restitution for the same losses, as set forth in Attachment A. A defendant's restitution shall be credited in proportion to the amount of restitution shared between the defendant making the payment and the defendant receiving credit for the payment.

3. Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

4. After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in the following payment schedule:

    a. During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

    b. Upon release from custody, Defendant shall pay restitution at the rate of $150 per month, subject to modification upon further agreement of the parties or order of the Court.

5. This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

6. Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
> United States District Court
> Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

7. The Court has determined that Defendant does not have the ability to pay interest. The interest requirement is waived pursuant to 18 U.S.C. 3612(f)(3)(A).

8. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs. *See* 18 U.S.C. § 3664(k).

///
///
///
///

9. Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs. *See* 18 U.S.C. § 3612(b)(1)(F).

Dated: January 8, 2025

*[signature]*
Hon. William Q. Hayes
United States District Court

# ATTACHMENT A

| Financial Institution | Amount | Joint and Several Liability |
|---|---|---|
| Alaska USA Federal Credit Union | $3,000.00 | Senior |
| Allied Healthcare FCU | $2,000.00 | Senior, Junior, and Cynthia Romero |
| Bank of Hope | $15,000.00 | Senior |
| BOKF, N.A. | $2,000.00 | Senior |
| Bank of the West | $101,000.00 | Senior |
| Bank of the West | $2,000.00 | Senior, Junior, and Talin Zorian |
| BBVA Compass Bank | $65,000.00 | Senior |
| BBVA Compass Bank | $26,000.00 | Senior, Junior, and Curtis Portley |
| BBVA Compass Bank | $25,000.00 | Senior, Junior, and Rickey Ward |
| BBVA Compass Bank | $13,000.00 | Senior, Junior, and Sara Denney |
| BBVA Compass Bank | $11,000.00 | Senior, Junior, and Talin Zorian |
| BBVA Compass Bank | $5,000.00 | Senior, Junior, and Myia Morgan |
| Bank of America, N.A. | $852,397.87 | Senior |
| Bank of America, N.A. | $148,000.00 | Senior, Junior, and Talin Zorian |
| Bank of America, N.A. | $94,552.13 | Senior, Tyshun Reams, Jennifer Denise Wright, Erica Cheyenne Jones, Stacy Shawn Gipson, and Celia Melissa Gonzalez |
| Bank of America, N.A. | $86,000.00 | Senior and Sheraye Wilks |
| Bank of America, N.A. | $29,000.00 | Senior, Junior, and Curtis Portley |
| Bank of America, N.A. | $25,000.00 | Senior, Junior, and Sara Denney |
| Bank of America, N.A. | $25,000.00 | Senior, Junior, and Rickey Ward |
| Bank of America, N.A. | $4,000.00 | Senior, Junior, and Myia Morgan |
| Bank of America, N.A. | $4,000.00 | Senior, Junior, and Cynthia Romero |
| Broadway Federal Bank, FSB | $4,000.00 | Senior |
| California Bank & Trust | $26,000.00 | Senior |
| California Bank & Trust | $6,000.00 | Senior, Junior, and Sara Denney |
| California Bank & Trust | $2,000.00 | Senior, Junior, and Curtis Portley |
| California Coast Credit Union | $3,000.00 | Senior |
| California Credit Union | $8,000.00 | Senior |
| Camino Federal Credit Union | $4,000.00 | Senior |
| Cathay Bank | $2,000.00 | Senior |
| Charles Schwab Bank | $2,875.19 | Senior |
| Chemical Bank & Trust Company | $3,000.00 | Senior |
| Cit Bank | $2,000.00 | Senior |
| CitiBank | $55,000.00 | Senior |
| CitiBank | $43,000.00 | Senior, Junior, and Talin Zorian |
| CitiBank | $16,000.00 | Senior, Junior, and Sara Denney |
| CitiBank | $10,000.00 | Senior, Junior, and Cynthia Romero |
| CitiBank | $9,000.00 | Senior, Junior, and Myia Morgan |

| Financial Institution | Amount | Joint and Several Liability |
|---|---|---|
| CitiBank | $1,000.00 | Senior, Junior, and Curtis Portley |
| Comerica Bank California | $9,000.00 | Senior |
| Comerica Bank California | $7,000.00 | Senior, Junior, and Myia Morgan |
| Commerce Bank | $1,000.00 | Senior |
| Credit Union of Southern California | $8,000.00 | Senior |
| Credit Union of Southern California | $1,000.00 | Senior, Junior, and Curtis Portley |
| Farmers & Merchants Bank Long Beach | $2,000.00 | Senior |
| Farmers & Merchants Bank Long Beach | $2,000.00 | Senior, Junior, and Cynthia Romero |
| Fedex Employees Credit Assn FCU | $4,000.00 | Senior, Junior, and Cynthia Romero |
| Fifth Third Bank | $12,000.00 | Senior |
| First Choice Bank | $8,000.00 | Senior |
| First Entertainment Credit Union | $3,000.00 | Senior |
| The First National Bank of Central Texas | $2,000.00 | Senior |
| First Texas Bank | $8,000.00 | Senior |
| Glendale Federal Credit Union | $6,000.00 | Senior |
| Golden 1 Credit Union | $27,000.00 | Senior |
| Golden 1 Credit Union | $8,000.00 | Senior, Junior, and Curtis Portley |
| Golden 1 Credit Union | $3,000.00 | Senior, Junior, and Talin Zorian |
| Hanin Federal Credit Union | $10,000.00 | Senior |
| Hanmi Bank | $2,000.00 | Senior |
| Huntington National Bank | $14,000.00 | Senior |
| Jack Henry Co Regions Bank | $3,000.00 | Senior |
| JP Morgan Chase Bank | $41,350.00 | Senior |
| Kern Schools Federal Credit Union | $4,000.00 | Senior |
| Key Bank | $2,000.00 | Senior |
| Kinecta Federal Credit Union | $3,000.00 | Senior |
| LA Federal Credit Union | $2,000.00 | Senior |
| Logix Fed Credit Union | $9,000.00 | Senior, Junior, and Talin Zorianm |
| Mission Fed Credit Union | $9,000.00 | Senior, Junior, and Curtis Portley |
| MUFG Union Bank | $26,221.80 | Senior |
| Navy Federal Credit Union | $14,000.00 | Senior |
| Northrup Federal Credit Union | $4,000.00 | Senior, Junior, and Cynthia Romero |
| Nuvision Fed Credit Union | $19,000.00 | Senior |
| Nuvision Fed Credit Union | $8,000.00 | Senior, Junior, and Cynthia Romero |
| One West Bank | $8,000.00 | Senior |
| Open Bank | $4,000.00 | Senior |

| Financial Institution | Amount | Joint and Several Liability |
|---|---|---|
| Opus Bank | $4,000.00 | Senior |
| Pacific City Bank | $1,000.00 | Senior |
| PenFed Credit Union | $1,000.00 | Senior |
| PenFed Credit Union | $6,000.00 | Senior, Junior, and Myia Morgan |
| PNC Bank | $8,000.00 | Senior |
| Rize Credit Union (formerly Southern California Edison Credit Union) | $12,000.00 | Senior |
| Rize Credit Union (formerly Southern California Edison Credit Union) | $2,000.00 | Senior, Junior, and Cynthia Romero |
| San Diego County Credit Union | $21,916.74 | Senior |
| San Diego County Credit Union | $39,000.00 | Senior, Junior, and Curtis Portley |
| San Diego County Credit Union | $19,083.26 | Senior, Junior, and Sara Denney |
| San Francisco Federal Credit Union | $7,000.00 | Senior |
| SchoolsFirst Federal Credit Union | $1,000.00 | Senior |
| Sturgis Bank & Trust Co. | $6,000.00 | Senior |
| Technicolor Federal Credit Union | $2,000.00 | Senior, Junior, and Talin Zorian |
| UNIFY Financial Credit Union | $17,000.00 | Senior |
| US Bank | $221,780.00 | Senior |
| US Bank | $29,000.00 | Senior, Junior, and Cynthia Romero |
| US Bank | $26,000.00 | Senior, Junior, and Talin Zorian |
| US Bank | $22,000.00 | Senior, Junior, and Rickey Ward |
| US Bank | $16,000.00 | Senior, Junior, and Christian Jefferson |
| US Bank | $13,000.00 | Senior, Junior, and Myia Morgan |
| US Bank | $9,000.00 | Senior, Junior, and Sara Denney |
| US Bank | $4,000.00 | Senior, Junior, and Curtis Portley |
| USAA Federal Savings Bank | $2,850.00 | Senior |
| US Metro Bank | $3,000.00 | Senior |
| Valley Strong Credit Union | $6,000.00 | Senior |
| Water and Power Community Credit Union | $22,000.00 | Senior, Junior, and Cynthia Romero |
| Wells Fargo Bank | $629,250.00 | Senior |
| Wells Fargo Bank | $129,000.00 | Senior, Junior, and Talin Zorian |
| Wells Fargo Bank | $75,000.00 | Senior and Sheraye Wilks |
| Wells Fargo Bank | $60,000.00 | Senior, Junior, and Curtis Portley |
| Wells Fargo Bank | $42,000.00 | Senior, Junior, and Rickey Ward |
| Wells Fargo Bank | $41,000.00 | Senior, Junior, and Sara Denney |
| Wells Fargo Bank | $14,000.00 | Senior, Junior, and Cynthia Romero |

| Financial Institution | Amount | Joint and Several Liability |
|---|---|---|
| Wescom Credit Union | $14,000.00 | Senior |